CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 17 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONNA J. REEDY HOCKMAN, | Civil Action No. 7:12cv00312 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| WENDY HOBBS & MARSHA GARST, COMMONWEALTH'S ATTORNEY, | |
| | By: Samuel G. Wilson |
| Defendants. | United States District Judge |

Plaintiff Donna J. Reedy Hockman, a Virginia inmate proceeding *pro se*, brings this action for damages and injunctive relief against Wendy Hobbs, the former warden of Fluvanna Correctional Facility for Women, and Marsha Garst, the Commonwealth's Attorney for Rockingham County, to redress alleged violations of her First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights, as well as violations of "Federal and State Warranty Laws" and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. Among other things, Hockman alleges that the defendants have interfered with her lawsuits; inflicted cruel and unusual punishment; subjected her to unreasonable living conditions; offended her freedoms of speech, expression, and choice; falsely accused her of rules violations; discriminated against her; and imposed "ex post facto judgment." Because Hockman has failed to plead facts in support of her claims, the court will dismiss her complaint without prejudice.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The familiar rules of pleading are greatly relaxed for *pro se* plaintiffs, however, and litigants with meritorious claims should not be stymied by technical

requirements. See Beaudett v. City of Hampton, 775 F.2d 1274, 1277–78 (4th Cir. 1985). Still, the relaxation of the rules is not without limits. A court must, at a minimum, be able to discern from the complaint the parties being sued and the alleged conduct on which each claim rests. Though relaxed, the standard still demands general coherence, and it does not require courts "to conjure up questions never squarely presented to them." Id. at 1278. District courts are required to review prisoner complaints for compliance with the basic rules of pleading, and, in doing so, the court must either "identify cognizable claims or dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

Hockman has, in this case, presented the court with an eight-page complaint spanning twelve counts. The legal bases for her claims range from federal constitutional provision to United States Code to, apparently, state common law. And despite the wide range of laws the defendants have allegedly violated, Hockman's complaint is essentially devoid of facts in support of those allegations. Indeed, the only discernible factual basis for her twelve claims is that "approximately in 2011" the defendants acted to remove her from the "Honor housing unit" at Fluvanna Correctional Facility and somehow interfered with her legal mail. While the pleading rules do not impose an exacting standard on Hockman, she must offer some foothold on which the defendants can base an answer or on which the court can base a decision. Accordingly, the court will dismiss Hockman's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.[1]

---

[1] Hockman alleges that defendant Garst, Commonwealth's Attorney for Rockingham County, "conspired with Hobbs to violate [her] constitutional rights and by law cannot claim immunity due to her Commonwealth Attorney status." (Compl. 4, ECF 1.) However, Hockman cannot pierce Garst's absolute immunity merely by alleging that Garst conspired with Hobbs. See Rehberg v. Paulk, 132 S. Ct. 1497, 1506–07 (2012); Carter v. Burch, 34 F.3d 257, 261–63 (4th Cir. 1994).

2

The clerk is directed to send a copy of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: July 17, 2012.

_____
UNITED STATES DISTRICT JUDGE