CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 10 2012

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONNA J. REEDY HOCKMAN, | Civil Action No. 7:12cv00312 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| WENDY HOBBS & MARSHA GARST, COMMONWEALTH'S ATTORNEY, | |
| Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Donna J. Reedy Hockman, a Virginia inmate proceeding *pro se*, originally brought this action for damages and injunctive relief against Wendy Hobbs, the former warden of Fluvanna Correctional Facility for Women, and Marsha Garst, the Commonwealth's Attorney for Rockingham County, to redress alleged violations of her First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights, as well as violations of "Federal and State Warranty Laws" and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. Among other things, Hockman alleged that the defendants interfered with her lawsuits; inflicted cruel and unusual punishment; subjected her to unreasonable living conditions; offended her freedoms of speech, expression, and choice; falsely accused her of rules violations; discriminated against her; and imposed "ex post facto judgment."

On July 17, 2012, the court entered a memorandum opinion and order dismissing Hockman's claims without prejudice for failing to plead sufficient facts in their support. On July 25th, Hockman sent a letter to the court seeking permission to add factual support to her claims and resubmit her complaint. The court construes Hockman's letter as a motion to amend pursuant to Federal Rule of Civil Procedure 59(e). Nothing in the court's July 17th opinion was

intended to prevent Hockman from filing a new complaint containing coherent factual support for each of her claims, but Hockman has offered no additional facts here, and the court therefore discerns no basis for granting her Rule 59(e) motion to amend at this time. Accordingly, the court denies Hockman's motion.[1]

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: August 10, 2012.

UNITED STATES DISTRICT JUDGE

---

[1] Because the court dismissed Hockman's complaint without prejudice, she is free at any time to reapply for *in forma pauperis* status and file a new complaint. If, however, Hockman wishes to file a new complaint, she must allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must, at a minimum, be able to discern from the complaint the parties being sued and the alleged conduct on which each claim rests. The standard demands general coherence, and it does not require courts "to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). District courts are required to review prisoner complaints for compliance with the basic rules of pleading, and, in doing so, the court must either "identify cognizable claims or dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

2